961 F.2d 1577
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert Phillip LONG, Plaintiff-Appellant,
v.
Al C. PARKE; John C. Runda; John T. Wigginton; Doug Sapp;
Ruby Owsley; Mike Martin; Robert Brown; Mike Turpin;
Wallace Wilkinson; Frederic Cowan; Steve Adwell; Kathi
Peterson; Helen Howard-Hughes, Defendants-Appellees.
 No. 91-6344.
 United States Court of Appeals, Sixth Circuit.
 May 13, 1992.
 
 Before KENNEDY, DAVID A. NELSON and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Elbert Phillip Long, a pro se Kentucky prisoner, appeals from the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Long was convicted of murder and attempted rape in 1977. He was sentenced to life imprisonment for the crime of murder and to five years imprisonment for the crime of attempted rape to be served consecutively. Long was released on parole in September, 1986, to the Intensive Supervision Program with the express condition that he attend counselling sessions for sexual offenders. In July, 1988, Long was arrested for violating the terms and conditions of his parole by his continued non-compliance in sex offender counselling. His parole was revoked on August 29, 1988, and he was returned to prison.
 
 
 3
 Long filed a motion for a civil contempt citation against defendants alleging that they violated the terms of the consent decree entered in Kendrick v. Bland, 541 F.Supp. 21 (W.D.Ky.1981), by incarcerating him for a Technical Parole Violation instead of diverting him to a community treatment center. The defendants were employees of the Commonwealth of Kentucky Corrections Cabinet, the Kentucky Parole Board members, the Governor of Kentucky and the Kentucky Attorney General. Long also alleged numerous civil rights violations.
 
 
 4
 The district court bifurcated the proceeding, and in the first civil action involving the contempt motion under the consent decree, ordered defendants to brief the issue of whether all alternatives to reincarceration were considered prior to Long's parole being revoked. The court designated Long's remaining allegations a complaint filed pursuant to 42 U.S.C. § 1983. The case was submitted to a magistrate judge who recommended that defendants' motion for summary judgment be granted and the complaint dismissed with prejudice. The district court reviewed the case de novo in light of Long's objections to the magistrate judge's report and recommendation, and dismissed the claims against defendants Wilkinson, Wigginton, Sapp, Martin, Parke, Adwell, Peterson, Brown, Turpin, Owsley and the members of the Commonwealth of Kentucky Parole Board. Long moved for a default judgment against the only remaining defendant, Frederic Cowan, the then Attorney General for the state of Kentucky. Long's motion was predicated upon the failure of Cowan to respond to the amended complaint which added him to the list of defendants. The Attorney General moved to dismiss the complaint and the district court granted the motion. Long appeals from that order dismissing the complaint against the Kentucky Attorney General.
 
 
 5
 Therefore, the only issue remaining on appeal is whether the district court properly granted defendant Cowan's motion to dismiss. Review of a district court's grant of a motion to dismiss filed pursuant to Fed.R.Civ.P. 12(b) is de novo. Trerice v. Pedersen, 769 F.2d 1398 (9th Cir.1985).
 
 
 6
 Upon review, we find no error. The record reveals that the Attorney General was not properly served with process. Even if the court had obtained jurisdiction over this defendant's person, moreover, Long's claim would still have been unavailing, Long's allegations against Cowan are premised upon Long's assertion that the other named defendants violated his civil rights. When the court granted summary judgment in favor of those defendants, the district court held that Long suffered no deprivation of his civil rights. Long did not appeal that decision, and it is binding on him here. Additionally, Cowan is absolutely immune from damages with regard to his decision not to initiate criminal or civil actions against other state officials. Imbler v. Pachtman, 424 U.S. 409 (1976).
 
 
 7
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.